```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DUSHYANT KURUWA,

                        Plaintiff,                      14-cv-5904 (PKC)

        -against-                                       MEMORANDUM
                                                        AND ORDER

TURNER CONSTRUCTION COMPANY,

                        Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Plaintiff Dushyant Kuruwa, proceeding pro se, moves for reconsideration of this Court's Memorandum and Order filed on November 20, 2014 (Dkt. No. 27), 2014 WL 6769761 (S.D.N.Y. Nov. 20, 2014), familiarity with which is assumed. In that Order, the Court denied Kuruwa's motion for vacatur or modification of an arbitration award rendered against him and in favor of defendant Turner Construction Co. ("Turner"), and granted Turner's motion for confirmation of the award. For the following reasons, Kuruwa's motion for reconsideration is denied.

Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). Such exceptional circumstances include "an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Kuruwa lists seven points on which he claims this Court erred in its November 20 Order. Although none of these rise to the level of an "exceptional circumstance," the Court addresses each of them in turn anyway.

First, Kuruwa faults the Court for overlooking his attempt to distinguish the case on which the arbitrator relied, DePape v. Trinity Health Systems, Inc., 242 F. Supp. 2d 585 (N.D. Iowa 2003). Kuruwa did indeed devote a paragraph to DePape in his complaint (Compl. 8–9), and spends another page in his submissions on this motion arguing that DePape is distinguishable, because in that case the employer performed as directed by the attorney, whereas here Turner "failed to act at all." (Pl.'s Br. 3.) The Court is unconvinced. The arbitrator explicitly found that "Turner 'acted competently and in good faith in handling' Kuruwa's immigration" (Award 10 (quoting DePape, 242 F. Supp. 2d at 605)), and that Turner executives "were very responsive when called upon to complete the necessary paperwork, provide information, or otherwise take steps to further Kuruwa's immigration status when called upon by Meyers." (Id.) The Court has no basis in law or fact for setting aside that finding. But more importantly, as explained in the November 20 Order, federal courts do not have the power under Federal Arbitration Act ("FAA") to review de novo an arbitrator's findings of fact and conclusions of law. The arbitrator's reliance on DePape evinces no corruption, partiality, misconduct, disregard for the arbitration agreement, or other "egregious impropriety," T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010), and accordingly it cannot be grounds for vacating the arbitration award.

Second, Kuruwa asserts that the "manifest disregard for the law" grounds for vacatur applies only to the arbitrator's decision on his negligence claim. He does not explain,

however, which of the FAA's remaining grounds for vacatur apply to his breach of contract or wrongful termination claims, or how the Court's purported error affected its decision.

Third, Kuruwa once again attacks the reasons Turner gave for terminating him. But the arbitrator found that Kuruwa was an at-will employee, and that Turner's employee handbook barred any oral modification of the at-will term (Award 13), which belies Kuruwa's assertion that Turner's promise to sponsor his green card overrode the at-will term. This makes Turner's stated reasons for terminating him irrelevant, since Turner could terminate him "at any time for any reason or even for no reason." Lobosco v. N.Y. Tel. Co./NYNEX, 96 N.Y.2d 312, 316 (2001).

Fourth, Kuruwa asserts that the Court "misconstrued" his request for "a declaratory judgment only for an inquest into the pattern of prejudicial decisions by the arbitrators." (Pl.'s Br. 4.) The Court remains unaware of any statute or rule that would allow a federal court to launch such an inquest. Kuruwa argues that "[s]ince the law designates the courts as the supervisors of arbitration proceedings, it was appropriate that Kuruwa bring such request to the court." (Reply Br. 6.) But the FAA does not give federal courts a roving mandate to investigate or micromanage arbitrators. On the contrary, it permits courts either to confirm an award, 9 U.S.C. § 9, or to vacate or modify the award in very limited circumstances. 9 U.S.C. §§ 10, 11; see also Oxford Health Plans LLC v. Sutter, __ U.S. __, 133 S. Ct. 2064, 2068 (2013) (stating that "limited judicial review [under the FAA] maintains arbitration's essential virtue of resolving disputes straightaway" and avoids "a more cumbersome and time-consuming judicial review process" (internal quotation marks and alteration omitted)). No other actions with respect to completed arbitrations are contemplated.

Fifth, Kuruwa renews his demand for a default judgment against Turner based on Turner's alleged failure to comply with discovery deadlines. Kuruwa claims that the arbitrator should have granted such a default judgment, because it would be "consistent with . . . application of the Federal Rules of Civil Procedure" (Pl.'s Br. 5), and thus with the arbitration agreement, which provided for application of "state or federal substantive law which would be applied by a United States District Court sitting at the place of proceeding." (Arbitration Agreement at 13, Begg. Aff. Ex. 4.) At the outset, the Court has no authority to issue a default judgment against Turner for the same reason that it cannot open an inquest into the arbitrator's alleged improprieties: the FAA does not allow it. But Kuruwa's argument fails on its own terms. The portion of the arbitration agreement quoted by Kuruwa specifies which <u>substantive</u> law the arbitrator should apply, but says nothing about <u>procedural</u> law. Kuruwa's invocation of the Federal Rules of Civil Procedure is thus inapposite. Further, although Rule 37(b)(2)(A)(vi), Fed. R. Civ. P., permits a federal court to issue a default judgment against a party that disobeys a discovery order, it does not require it, and in fact Rule 37(b)(2)(A) provides a court with several "softer" sanctions that can be imposed instead. Thus, even under the Federal Rules, the arbitrator had no obligation to issue a default judgment.

Sixth, Kuruwa takes issue with the November 20 Order's reliance on <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u>, 729 F.3d 99 (2d Cir. 2013) for the standard of review in a proceeding to vacate or modify an arbitration award. <u>Kolel Beth</u> did indeed involve an unusual arbitration agreement, which provided for arbitration by a panel of three rabbis and granted them "wide latitude" to "make their award based upon Din Torah, compromise, settlement, or any other way they wish to reach a decision." <u>Id.</u> at 102–03. But nothing in the decision indicates that its construction of the FAA applies only in that context, and

courts have cited the opinion in more mundane settings.  See, e.g., Landmark Ventures, Inc. v. InSightec, Ltd., __ F. Supp. 3d __, No. 14 Civ. 0233(JGK), 2014 WL 6683677 (S.D.N.Y. Nov. 26, 2014) (citing Kolel Beth and confirming an award issued in an arbitration under the Rules of Arbitration of the International Chamber of Commerce); Cellu-Beep, Inc. v. Telecorp Comm'ns, Inc., No. 13 Civ. 7236(NRB), 2014 WL 3585515 (S.D.N.Y. July 18, 2014) (citing Kolel Beth and confirming an award issued in an arbitration between two cell phone companies, in which the arbitrator applied New York law).  Kolel Beth's emphasis on the limited role of a court reviewing an arbitration award and on the high burden facing a party resisting confirmation, Kolel Beth, 729 F.3d at 103, is consistent with Supreme Court and Second Circuit decisions in other arbitration contexts.  See, e.g., Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010) (stating that a party seeking vacatur of an award "must clear a high hurdle"); Scandinavian Reins. Co. Ltd. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012) ("A court's review of an arbitration award is . . . severely limited" (internal quotation marks omitted)); Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007) ("This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process.").  The Court's reliance on Kolel Beth was thus entirely proper.

Finally, in his reply brief, Kuruwa claims that the arbitrator misapplied the doctrine of judicial estoppel in the context of his breach of contract and negligence claims.  He is thus once again seeking de novo review of the arbitrator's legal conclusions.  Kuruwa obtained a default judgment in the malpractice action by arguing that Meyers's negligence had caused him to lose his work authorization, and argued in the arbitration that Turner should be held liable for that same occurrence and injuries deriving therefrom.  Under these circumstances, there was at

- 6 -

the very least a "barely colorable justification" for the application of judicial estoppel, and that is sufficient to overcome a challenge to the confirmation of an arbitration award.  Kolel Beth, 729 F.3d at 103 (quoting Rich v. Spartis, 516 F.3d 75, 81 (2d Cir. 2008)).

For the foregoing reasons, Kuruwa's motion for reconsideration is DENIED. Counsel for defendant is directed to provide plaintiff with copies of all unreported decisions cited herein.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 10, 2015